FILED

2020 Apr-14 PM 04:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

Quincy Peoples

Inmate Identification Number: 238 362

28779 Mick Davis Road

Harvest, Alabama 35749
(Enter above the full name of the plaintiff
in this action)

vs.

Gloria Bahakel et... al

See attached supplement

_____

_____
(Enter above full name(s) of the defendant(s)
in this action)

> *NOTICE TO FILING PARTY*
>
> *It is your responsibility to
> notify the clerk in writing of any
> address change.*
>
> *Failure to notify the clerk may
> result in dismissal of your case
> without further notice.*

5:20cv492-MHH-JHE

I.    Previous lawsuits

    A.    Have you begun other lawsuits in state or federal court(s) dealing with the
same facts involved in this action or otherwise relating to your imprisonment?
Yes (  )       No ( X )

    B.    If the answer to (A) is "yes," describe each lawsuit in the space below. (If there is more
than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the
same outline.)

        1.    Parties to this previous lawsuit:

            Plaintiff: _____

            _____

            Defendant(s): _____

            _____

2

2.      Court (if Federal Court, name the district; if State Court, name the county)

_____

3.      Docket number _____

4.      Name of judge to whom case was assigned _____

_____

5.      Disposition (for example: Was the case dismissed? Was it appealed? Is it still
        pending?) _____

_____

6.      Approximate date of filing lawsuit _____

_____

7.      Approximate date of disposition _____

II.    Place of present confinement  Limestone Correctional Facility

A.     Is there a prisoner grievance procedure in this institution?
       Yes ( )           No ( )

B.     Did you present the facts relating to your complaint in the state prisoner grievance
       procedure?              Yes ( )          No ( )

C.     If your answer is YES:

       1.      What steps did you take? _____

       _____

       2.      What was the result? _____

       _____

D.     If your answer is NO, explain why not: Does not involve Alabama

       Prison Officials

_____

_____

_____

3

III.   Parties.
In item (A) below, place your name in the first blank and place your present address in the second blank.

A.   Name of Plaintiff(s) Quincy Pooler AIS # 238362

Address 28279 Nick Davis Road - Harvest, Alabama 35749

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) for the names, positions, and places of employment of any additional defendants.

B.   Defendant See Attached Supplement

Is employed as

at

C.   Additional Defendants See Attached Supplement

IV.   Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statues. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

See Attached

4

_____

_____

_____

_____

V.   RELIEF

State briefly <u>exactly</u> what you want the court to do for you.  Make no legal arguments.  Cite no cases or statues.

See Attached _____

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
SIGNATURE

ADDRESS 28279 Nick Davis Road

Harvest Alabama 35745

_____

AIS # 238362 _____

5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

QUINCY PEOPLES

PLAINTIFF

V

GLORIA BAHAKEL

FORMER JEFFERSON COUNTY CIRCUIT JUDGE

MISTY REYNOLDS ASSISTANT DISTRICT ATTORNEY

HON. T. TODD CIRCUIT COURT JUDGE JEFFERSON COUNTY

ROBERT DRAKE ASSISTANT DISTRICT ATTORNEY

PAMELA BASCHAB

FORMER CHIEF JUSICE ALABAMA COURT CRIMINAL APPEALS

TROY KING

FORMER ALABAMA ATTORNEY GENERAL

STEVEN MARSHALL

ALABAMA ATTORNEY GENERAL

HON. MARY WINDOM

CHIEF JUSTICE ALABAMA COURT CRIMINAL APPEALS

ROY MOORE

FORMER CHIEF JUSTICE ALABAMA SUPREME COURT

LYNN STUART

CHIEF JUSTICE ALABAMA SUPREME COURT

PETITION FOR REDRESS OF GRIEVANCES PURSUANT TO FIRST AMENDMENT
UNITED STATES CONSTITUTION: 42 U.S.C. §1983 AND
PURSUANT TO ALL WRITS ACT 28 U.S.C. §1651(a)

CASE NO: _____

(TO BE ASSIGNED)

JEFFERSON CIRCUIT CASE NO:CC-03-1872;CC-03-1873

Quincy Peoples AIS #238362
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Al. 35749

## TABLE OF CONTENTS

|  | Page No: |
|---|---|
| Table of Authorities | i |
| Statement of Facts | 2 |
| Liability of the Defendant Parties | 7 |
| Standard of Review | 10 |
| The Denial Of Peoples Civil Rights, Privileges |  |
| Rights and Protections | 11 |
| Conclusion | 18 |
| Relief Requested | 19 |
| Certificate of Service | 20 |
| Affirmation Under Penalty of Perjury | 20 |

## TABLE OF AUTHORITIES

|  | PAGE NO: |
|---|---|
| Barber v Page 390 US 719, 20 L.Ed.2d 255 (1968) | 14 |
| Barnes v State 704 So.2d 487 (Ala.Crim.App.1997) | 14 |
| Berger v California 21 L.Ed.2d 508 (1969) | 12 |
| Brown v Allen 344 US 443, 97 L.Ed. 469 (1953) | 10 |
| Burns v Clusen 789 F.3d 931 (7th.Cir.1986) | 12 |
| Chancy v Lewis 801 F.2d 1191 (9th.Cir.1986) | 12 |
| Davidson v New Orleans 96 US 97, 24 L.ed. 616,618 (1878) | 16 |
| Davis v Wheeler 68 L.ed. 143 | 12 |
| Dykes v Hoseman C.A.Fla. 743 F.2d  1488 | 7 |
| Gomez v Toledo 446 US 635, 64 L.Ed.2d 572 (1980) | 7 |
| Harris v Nelson 394 US 286, 22 L.Ed.2d 281 (1969) | 10 |
| John Salmund Jurisprudence 476 (Glanville L. Williams 10th.ed 1947) | 8 |
| Jordan v Massachusetts 225 US 167, 56 L.ed 1035 | 16 |
| Love v Griffith 59 L.ed 157 | 12 |
| Maryland v Craig 497 US 836,111 L.Ed.2d 666 (1990) | 10,12 |
| McCollum v Birmingham Post Co. 65 So.2d 689 (1953) | 17 |
| McDonald v Chicago 177 L.Ed.2d 894 | 11 |
| Opinion of the Justices 624 So.2d 107,161 (Ala.1973) | 17 |
| Palko v Connecticutt 302 US 319, 82 L.Ed. 288 (1937) | 17 |
| Pointer v Texas 13 L.Ed.2d 923 (1965) | 12 |
| Screws v United States 325 US 91, 89 L.Ed. 1495 | 9 |
| Stromberg v California 75 L.ed 1117 | 12 |
| Thomas v Collins 323 US 516,530 (1945) | 17 |
| Townsend v Sain 372 US 239, 9 L.Ed.2d 770 (1963) | 10 |
| United States v Classic 313 US 299, 85 L.ed. 1368 | 9 |
| Roche v Evaporated Milk Assoc. 87 L.Ed. 1185 (1969) | 10 |
| United States v Edwards 469 F.2d 1362 (1972) | 14 |
| Walberg v Israel 766 F.2d 1074 (7th.Cir.1985) | 16 |
| Williams v United States 341 US 97, 95 L.Ed. 774 | 9 |
| Zeigler v South & North Ala.R.R. 58 Ala. 594 (1877) | 18 |

i

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

QUINCY PEOPLES AIS #238362
   PLAINTIFF
   V                          CASE NO:_____

GLORIA BAHAKEL                 (TO BE ASSIGNED)
FORMER JEFFERSON COUNTY CIRCUIT JUDGE
MISTY REYNOLDS - ASSISTANT DISTRICT ATTORNEY
HON. T. TODD - JEFFERSON COUNTY CIRCUIT JUDGE
ROBERT DRAKE - ASSISTANT DISTRICT ATTORNEY
PAMELA BASCHAB - FORMER CHIEF JUSTICE ALABAMA COURT CRIMINAL APPEALS
TROY KING - FORMER ALABAMA ATTORNEY GENERAL
HON. MARY WINDOM - CHIEF JUSTICE ALABAMA COURT CRIMINAL APPEALS
STEVE MARSHALL - ALABAMA ATTORNEY GENERAL
ROY MOORE - FORMER CHIEF JUSTICE ALABAMA SUPREME COURT
LYNN STUART - CHIEF JUSTICE ALABAMA SUPREME COURT

PETITION FOR REDRESS OF GRIEVANCES PURSUANT TO FIRST
AMENDMENT UNITED STATES CONSTITUTION: 42 U.S.C. §1983 AND
PURSUANT TO ALL WRIT ACTS 28 U.S.C. §1651(a)

Comes now Quincy Peoples pro se (hereinafter Peoples) in the above styled cause wherein he alleges and argues that the above named defendant parties, while acting under color of state law, did in his criminal trial process and in his appellate actions in the State courts, through their intentional, concerted actions and the maladministration of the law, violate his civil rights, liberties, protections and immunities. Through their violation of his substantial, fundamental right to a fair trial. Whereas the defendant parties named, impermissibly and unlawfully misapplied state court promulgated rules of preclusion, time bars, to deny and further abridge and inhibit Peoples substantial, fundamental United States Constitutional rights, privileges, protections and immunities by their continued maladministrations of the law.

1

## STATEMENT OF FACTS

1. Peoples was originally arrested for the offenses of Murder (2 Counts) and Attempted Murder (1 Count) alleged to have occurred in a single incident on March 7, 2003. Case numbers; CC-03-1872;CC-03-1873. The lead investigator was Sgt. Yerby.

2. Prior to Peoples trial, the State moved to have a video taped deposition of Sgt. Yerby to be held, due to the fact that Sgt. Yerby was to retire shortly and had a one year contract with the State Department to go to Iraq to trian Iraqi Law Enforcement. That due to such he would not be present to testify in person at Peoples trial. EXHIBIT 1

3. On April 9, 2004 Peoples defense counsel objected citing that Yerby's absence from Peoples trial would violate his Constitutional right pursuant to the Sixth Amendment's Confrontation Clause. The primary issue raised in defense counsel objection is that at trial, the defense counsel expected that there would be numerous conflicts in the testimony of witnesses presented at trial. Particularly that of Leonard Tolbert, who was alleged to present at the time of the commission of the offense. That these conflicts could only be resolved by the presence of Sgt. Yerby. Due to the fact that Sgt. Yerby was the lead investigator and his deep involvement in Peoples case, made him a crucial witness for the defense. The trial court overruled defense's objections and held that for the purposes of the Confrontation Clause Detective Yerby's video taped testimony would serve as his trial testimony and that it would not violate Peoples right to confrontation. EXHIBIT 2

4. At Peoples trial, when the state went to present the video taped testimony of Sgt. Yerby to the jury, defense counsel renewed its objection to the playing of the video tape, stating in part that he could not confront/cross examine a video tape. Whereas during Peoples trial, as defense counsel legitimately feared. There was testimony rendered that was in direct conflict with Sgt. Yerby's. Leonard Tolbert's testimony consisted of numerous conflicting statements as to

2

what he had told Sgt. Yerby during the investigation regarding Peoples involvement during the offense, and what he was testifying to at trial. His statements at trial cast Peoples in an incriminating light. With the absence of Sgt. Yerby, defense counsel could not properly confront and subject Tolbert to effective cross examination,, defense counsel could not properly and adequately confront this alleged evidence of the state. Due to Sgt. Yerby's absence.

5. Additionally, during the investigative stage, Sgt. Yerby could never discover or produce the weapons alleged to have been used. So Sgt. Yerby had obtained what was termed "look alike" weapons to be presented to the jury, claiming the weapons used were "similar" to the weapons which were produced and presented to the jury. Detective Yerby, could not be confronted regarding that phase of the investigation, nor compelled as to what his reasons were to have paraded before the jury these "look alike" firearms. These    weapons were cited as "evidence" to establish Peoples guilt before the jury.

The trial court overrode defense counsels objections,allowing this false evidence to be presented to the jury at Peoples trial. Judge Gloria Bahakel's actions were to actively, effectively inhibit and infringe Peoples right to confront the States evidence against him.

6. Peoples undertook a direct appeal and the Court of Criminal Appels remanded the matter back to the trial court with instructions to vacate and hold for naught Peoples conviction for the offense of Attempted Murder. Peoples was represented by trial counsel as counsel in his direct, first appeal as of right.

7. Peoples had filed a third Rule 12 petition arguing that his two convictions for Murde were in violation of the 5th Amendments prohibition against Double Jeopardy. The trial court granted the Rule 32 petition, thus leaving Peoples' with one conviction for the offense of murder.

3

8.  On   January   17,   Peoples   filed   his   third   Rule   32   petition
Ala.R.Crim.P. wherein he raised the issue that his right confrontation
was violated whereas he argued that despite repeated objections, the
trial court allowed the State to take the deposition of the lead
investigator in People's case, Sgt. Yerby. The reason given for the
video taped deposition being taken was that Sgt. Yerby who was the
lead investigator in Peoples case. Was retiring soon and would be
working on a one year contract with the State Department training
Iraqi Law Enforcement. Therefore the State sought to play the video
taped depositon at Peoples' trial in lieu of his live testimony before
the jury.

   The deposition was video taped and played at Peoples' trial.
Defense had objected asserting that testimony expected to be given at
trial by other witnesses, would be contradictory to prior statements
given by witnesses to Sgt. Yerby during the investigative phase. An
that Yerby's presence was required so that Peoples right to effective
cross-examination and confrontation would not be violated. This fact
was borne out at trial when testimony by Leonard Tolbert who was in
the vehicle with Peoples and other defendants when the offense was
committed.   Was   replete   with   contradictions   as   to   his   previous
portrayal as to Peoples involvement when questioned by Sgt. Yerby
during the investigation of this offense.

9. Additionally during the Peoples trial, when Leonard Tolbert was
being subjected to cross examination by defense counsel. Defense
counsel attempted to question Tolbert about other pending charges
against him, i.e. (a) possessions of cocaine; (b) possession of
marijuana; (c) carrying a pistol without a license; (d) escape third
degree; (e) resisting arrest; (f) disorderly conduct. Whereas Tolbert
had stated under questioning that he had had his rights read to him
before this offense, that it was not his first time.

4

There was no objection by the State when defense counsel began questioning Tolbert about other offenses he may have pending, but, the Trial Court then interrupted the testimony and requested a side bar. After the bench conference the Court stated;

"Prosecutor's objection (there was no objection) is sustained and the jury is directed to disregard that questioning. Do not consider that when you are back there deliberating this case..."

10. When Officer Shaun Rankin the evidence technician in the case was called to testify, the defense learned that Officer Rankin had arrested Tolbert before on the charges previously cited. The Court would not allow defense counsel to question Officer Rankin before teh jury on this issue, but would only allow defense to question Rankin out of the presence of the jury. The defense also then sought to recall Tolbert to the stand to question him about any other times he had been read his rights, as Tolbert had opened the door to this line of questioning.

The defendant Gloria Bahakel, the circuit court judge in Peoples trial denied defense counsels request. Judge Bahakel also further prevented the defense from arguing in closing, Tolbert's statement that he admitted that his right had been read to him before. Despite the defense pointing out that the State made no objection following the voluntary admission of Tolbert.

11. Peoples claim in this Rule 32 petition was that due to the denying of his rights under the Confrontation Clause, he was denied his right to a fair trial. Peoples correctly stated that the right to a fair trial is a founding right from the Bill of Rights promulgated into the United States Constitution. That this right by being a substantive and fundamental right it was not subject to state court rules of preclusion, time bars. That this right when violated was a jurisdictional issue.

12. The District Attorney's Office and the trial court judge T. Todd, failed to address the issue of the denial of a fair trial, rather holding that issues regarding Confrontation Clause violations was a constitutional issue and therefore subject to the preclusions, time bars of Ala.R.Crim.P. Rule 32.

13. Peoples appealed to the Alabama Court of Criminal Appeals and argued therein that the actions cited regarding the violation/denial of his right to confrontation, cross examination denied him his right to a fair trial. That the trial court nor the State addressed the fair trial issue in the Rule 32 proceeding. Peoples specifically sought that the Alabama Court of Criminal Appeals was to address the issue presented of the denial of a fair trial.

Neither the Attorney General's office nor the Alabama Court of Criminal Appeals ever responded to or addressed the fair trial issue. Rather both parties stated the "constituional issues" presented were subject to Ala.R.Crim.P. Rule 32 preclusions, time bars. Holding that "constitutional challenges are subject to the preclusions in Rule 32.2

This posture by the defendant parties was held despite the fact that in his filings, Peoples cited with specificity that the right to a fair trial was "the law of the land" and that this right is a substantive and fundamental right. And that this right is not subject to the preclusions claimed.

14. Peoples timely filed petition for writ of certiorari to the Alabama Supreme Court, with that court issuing its standard Writ Denied No Opinion.

6

## LIABILITY OF THE DEFENDANT PARTIES

Civil Rights §252 - A judge who presides over a state court proceeding does not, solely by reason of such fact, become a state functionary acting under color of state law within the meaning of the Act, but is has also been said that the statement to the effect for action to be considered as taken under color of state law, there must be a misuse of power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is as applicable to a judge as it is to any other state official. Dykes v Hosemann C.A. Fla. 743 F.2d 1488 rehearing 766 F.2d 942; on remand 783 F.2d 1000, cert denied 107 S.Ct. 569, 93 L.Ed.2d 574.

In action for damages against a government official under 42 USC §1983 the complaint cannot be dismissed at the outset - unless the defendant has an absolute immunity defense - (unless the action was clearly in excess of such officer's jurisdiction) for failure to state a cause of action where the plaintiff has not pleaded as part of the claim for relief that the defendant, in committing the actions alleged was motivated by ad faith. The burden of pleading that an official acted in good faith rests with the defendant, and it is for him or her to claim that the conduct which led to or caused the deprivation of federally of federally protected rights was justified by an objectionally reasonable belief that it was lawful. In order to state a cause of action the plaintiff must allege only that such a person acted under color of state or territorial law. Gomez v Toledo 446 U.S. 635, 64 L.Ed.2d 572 (1980).

The All Writs Act authorizes the courts to fashion appropriate mods modes of procedure by analogy to existing rules or otherwise in conformity with judicial usage, here the duties require it, this is the inescapable obligation of the courts.

7

Peoples alleges and argues that the defendant parties did, knowingly,intelligently and willfully violated his substantive and fundamental right to a fair trial. This right is irrevocably established in the United States Constitution, it is established in the First Amendment to the United States Constitution, the Fourth Amendment, the Sixth Amendments Due Process,and the Fourteenth Amendments Due Process Clause, which invokes the Equal Protection and Fundamental Fairness. This right is derived from Bill of Rights and promulgated in the United States Constitution. It is the inalienable right guaranteed to all citizens. It is recognized and held to be sacrosanct, due to the right to a fair trial being the central and founding principle of our scheme of ordered liberty. It is the civil right, the civil liberty of this County.

The right to a fair trial is "embedded" in the Alabama Constitution of 1901 Art. I §8 which mandates - "no person shall be punished, but by virtue of a law established and promulgated prior to the offense, and legally applied." This right is "substantive and fundamental law". Substantive law is the part of the law that creates, defines, and regulates the rights, duties and powers of parties. "So far as the administration of justice is concerned with the application of remedies to violated rights, we may say the substantive law defines the remedy and the right, while the law of procedure defines the modes and conditions of the one to the other," John Salmond Jurisprudence 476 (Glanville L. Williams 10th ed. 1947). "Fundamental law" is the organic law that establishes the governing principles of a nation or state, i.e. Constituional Law.

42 USC §1983 give a right of action against a person who, under color of state law, custom or usage, subjects another to the deprivation of any rights, privileges and immunities secured by the Federal Constitution, it serves several purposes, (1) it overrides certain kinds of state laws; (2) it provides a remedy where state law is inadequate, and (3) it provides a federal remedy where the state remedy, though adequate in theory, is not available in practice." In

8

this action, the federal remedy is supplementary to any state remedy and a state remedy need not be first sought and refused before the federal one is invoked.

No specific intent to deprive a person of a federal right is necessary to create liability under 42 USC §1983, which gives right of action against a person who under color of state law, custom or usage subjects another to the deprivation of any rights, privileges or immunities secured by the Federal Constitution.

This Act per the intent of Congress, in enacting §1979, was meant to give remedy to parties deprived of constitutional rights, privileges or immunities by an official's abuse of his position." Williams y United States 341 U.S. 97, 95 L.Ed. 774; Screws v United States 325 U.S. 91,89 L.ed. 1495; United States v Classic 313 U.S. 299, 85 L.ed 1368.

Based upon the foregoing Peoples has properly invoked this Court's exclusive and pendant jurisdiction to entertain and adjudicate this matter. Wherein Peoples is not challenging his conviction, rather he is seeking remedy for the violation of his civil rights, said violations the consequence of the actions of the defendant parties, which denied him his substantive and fundamental right to a fair trial. His conviction being the consequence, of the conduct complained of. In that the defendant parties were acting under color of state law, custom or usage.

## STANDARD OF REVIEW

The All Writs Act grants the federal courts the power to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. 1651(a)... The Supreme Court and all courts established by Acts

9

of Congress may issue all writs necessary or appropriate...The traditional use of the writ in ais of appellate jurisdiction so that both common law and in federal courts has been to confine an inferior court to a lawful exercise of its proscribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v Evaporated Milk Assoc. 319 U.S. 21, 87 L.Ed. 1185 (1969).

Peoples asserts that the holding of the United States Supreme Court in Roche supra and Harris v Nelson 394 U.S. 286, 22 L.Ed.2d 281 (1969) properly govern and guide this courts review and adjudication of this issue as presented by Peoples. Whereas in Harris v Nelson the Supreme Court held;

"...(a) the duty of the court to 'elicit facts necessary to dispose of the matter as law and justice require. (b) When a court is confronted with a prima facie case for relief, may use or authorize the use of suitable discovery procedures including interrogatories, reasonably fashioned to elicit facts necessary to help the court to dispose of the matter as law and justice require. (c) It is now established beyond the reach of reasonable dispute that the federal courts not only may grant evidentiary hearings to applicants but must do so upon an appropriate showing. Townsend v Sain 372 U.S. 239, 9 L.Ed.2d 770 (1963); Brown v Allen 344 U.S. 443, 97 L.Ed. 469 (1953). (d) The Court has emphasized the taking into account the office of the writ and the fact that the petitioner being in custody is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in his petition...(e) the specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedure for an adequate inquiry. Obviously in exercising this power, the court may utilize familiar procedures as appropriate whether they are found in the civil or criminal rules or elsewhere in the usages and principles of law...'"

The defendant parties named, impermissibly and unlawfully misapplied state court promulgated rules of preclusion, time bars to deny Peoples substantial,fundamental United States Constitutional right to a fair trial, long held to be the law of the land. "This is familiar as to the substantive law,and for the same reasons it is necessary to see that local practice shall not be allowed to put unreasonable obstacles in the way." Maryland v Craig 497 U.S. 836, 111 L.Ed.2d 666 (1990).

10

## THE DENIAL OF PEOPLES
## CIVIL RIGHTS, PRIVILEGES, RIGHTS AND PROTECTIONS

In McDonald v Chicago 177 L.Ed. 2d 894 the United States Supreme Court held:

"When the Fourteenth Amendment was ratified the terms 'privileges and immunities' had an established meaning synonymous for 'rights' Id at 813. Those 'rights' were 'inalienable rights' of citizens that had been long recognized and the ratifying public understood the Privileges or Immunities Clause to protect constitutionally enumerated rights 'against' interference by the States. Id. at 827,837. Many of these rights had been adopted from English law into colonial charters, then state constitutions and bill of rights, and finally the Constitution. Consistent with their English heritage, the founding generation did not consider many of the rights identified in the [Bill of Rights] as new entitlements, but as inalienable rights of all men, given legal effect by their codification in the Constitutions test." Id. at 818.

Peoples had presented and argued throughout the State process that when the trial court allowed, over defense counsels objections, for the State to take Sgt. Yerby's deposition for purposes of his testimony to be presented to the jury via video tape. The trial court and the state violated Peoples right to confrontation was not a jurisdictional issue and thus precluded and time barred by Ala.R.Crim.P. Rule 32.2.

Peoples had cited the violation of his rights pursuant to the Confrontation Clause had denied and divested him of his right to a fair trial. That his right to a fair trial was the founding right, the guardian right of all other rights in the United States Constitution, that this right is substantive law, fundamental law and cannot be subjected to time bars, statutes of limitations or, as in this instant case, State court promulgated rules. Which Ala.R.Crim.P. Rule 32 is a state court made rule, and thus cannot override or deny relief when such rights are violated and divested of a citizen.

11

In the instant Rule 32 petition the trial court and the Alabama Court of Criminal Appeals held in its opinion of September 13, 2019 on p.#3

"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.." "summary disposition of Peoples's Rule 32 petition was appropriate

The courts erred in that in Chaney v Lewis 801 F.2d 1191, (9th.Cir.1986); Burns v Clusen 798 F.3d 931, 941-42 (7th.Cir.1986) it was held "...right to confront and cross examine abridged is a mixed question of fact and law obligating the district court to obtain and examine the state court record."

The United States Supreme Court held in Pointer v Texas 13 L.Ed.2d 923 (1965) "There are few subjects, perhaps, upon which this Court and other courts have been more clearly unanimous than in their experssions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for a fair trial which is this country's constitutional goal." Berger v California 21 L.Ed.2d 508 (1969).

The right to confrontation is a fundamental right made obligatory upon the State by the Fourteenth Amendment, See Pointer v Texas supra. An "Attempt to raise constitutional issue has been frustrated that the question was not properly raised or pursued. But [w]hatever springes the State may set for those who are endeavoring to assert rights that the State confers, the assertion of federal righst when plainly and reasonably made, is not to be defeated under the name of local practice." Davis v Wheeler 68 L.ed 143; Love v Griffith 69 L.ed 157; Stromberg v California 75 L.ed 1117. "This is familiar to substantive law,and for the same reason it is necessary to see that local practices shall not be allowed to put unreasonable obstacles in the way." See Maryland v Criag 111 L.Ed.2d 666 (1990) ".. a defendant's right to confront the witnesses against him is central to the truth finding function of a criminal trial."

12

The defendant parties ignored and/or refused to recognize the fact of law, that the right to confrontation is substantive law, is central thus critical to the truthfinding function of Peoples's criminal trial. It is essential and a fundamental requirement for a fair trial. Rather than respect the substantive and fundamental law, the state and the state courts, chose instead to chant the mantra of Ala.R.Crim.P. Rule 32.2, to continue and sustain the denial of Peoples's right to a fair trial, they relied on "local practice" to deny Peoples this right.

The right to a fair trial is a civil right, the individual rights of personal liberty guaranteed by the Bill of Rights and by the Thirteenth, Fourteenth Amendments, the right of due process and the right of equal protection under the law. The defendant parties, as their records establish, failed or refused to address the deprivations of Peoples's civil rights, his protections against the loss of his liberty except in a proceeding in accord with Due Process of Law.

The trial court's records illustrate and establish the unconstitutional conduct of Judge Bahakel when she refused to allow defense counsel to confront and cross examine Leonard Tolbert and Officer Rankin before the jury. This is established by the fact that when Tolbert opened the door to his pending crimnal charges, and the State did not enter any objection to defense counsel's attempt to impeach Tolbert's testimony before the jury. Judge Bahakel essentially objected and would not allow defense counsel to question Tolbet.

Additionally, when defense counsel attempted to question Officer Rankin, Judge Bahakel again interfered and refused to allow defense counsel to question Officer Rankin before the jury. Judge Bahakel would only allow conforntation and cross-examination of Rankin out of the presence of the jury. Rendering defense counsels ability to perform and conduct himself as Peoples defense counsel, ineffective by her conduct.

13

Judge Bahakel undertook no action to direct the State to make any effort to have Sgt. Yerby present for trial, to testify before the jury in person. The State itelf undertook no effort to have Sgt Yerby present for trial. The State in its response to this claim by Peoples cited the case of Barnes v State 704 So.2d 487 (Ala.Crim.App.1997) to deny Peoples the relief he sought. The State misquoted and misaplied the holding of Barnes by asserting that Barnes held that the Confrontation Clause is a Sixth Amendment claim. It is not a Fifth Amendment substantive Due Process claim and that as such it is subject to Rule 32.2 preclusions.

The Barnes case actually supports the challenge presented by Peoples regarding the violation of his right to Confrontation. Barnes is virtually identical to Peoples's case in regards to the Confrontation Clause. In Barnes the issue presented was the denial of the right to confrontation, that the key states witnesses were not available to testify at the trial. One witness was attending a conviction in another state and the other could not be produced for trial.

The Court reversed and remanded the Barnes case back to the trial court due to the fact that the state undertook no good faith effort to secure the witnesses for trial. In Barnes unlike in Peoples case, the Alabama Court of Criminal Appeals did not enter any ruling that the Confrontation Clause was subject to any Rule 32 preclusions.

Peoples had cited the case of United States v Edwards 469 F.2d 1362 (1972) Whereas in Edwards one of the witnesses was in the United States Army and at the time of trial was stationed in Germany. The United States Attorney elected not to return the witness who was in Germany or a witness who lived in another State. Relying instead on recorded testimony. The Court in Edwards held "the use of recorded testimony of an available witness has consistently been held to deny the Sixth Amendment right of confrontation. See Barber v Page 390 U.S. 719, 20 L.Ed.2d 255 (1968).

14

In Peoples's case it was never shown that it was impossible to obtain the presence of Yerby to testify before the jury. In order for the State to have done so it would have had to shown(1) The witness was unavailable to testify at trial amd (2) the witness must have been subject to adequate cross examination at a previous trial or hearing. Barber. y Page supra. "[A] witness is not "unavailable" for purposes of the foregoing exception to the confrontation requirment unless the prosecutorial authorities have made a good faith effort too obtain his presence for trial."

At the deposition of Yerby, defense counsel could not conduct an adequate cross examination due to the fact that there had yet to be testimony taken of Tolbert, who was expected to give testimony at trial, contradictory to his previous statements to Yerby. It is not possible to confront and cross examine one witness (Yerby) as to "anticipated unknown" testimony to be given in the future.

Also, there was expected testimony of other law enforcement officers as to Yerby's securing as evidence, at Peoples's trial, "representative weapons". Weapons alleged to be similar to the ones used in the crime. Law enforcement officers at trial testified as to the fact that Yerby obtained these "representative weapons" to be submitted at trial, yet Yerby was not present for cross examination and confrontation purposes as the statements given by other law enforcement officers as opposed to any that may have been given by Yerby. Once again it is impossible to confront and cross-examine any witness as to statements other party's will give at a trial that has yet to transpire.

Peoples has been subjected to fundamentally unfair treatment at his trial and in his most recent efforts to petition for redress. His counsel at trial was,by the maladministration of the law by Judge Bahakel, impermissibly hindered and prevented from providing effective respresentation.

15

In Walberg v Israel 766 F.2d 1071,1074 (7th.Cir.1985) the Court held "...instances in which the State in the person of the trial judge interferes with defense counsels effective assistance (holds per se prejudice) is the state is not a passive spectator of an inept defense, the burden of showing prejudice is lifted. It is not right that the state should be able to say we impeded your defense now prove it made a difference." Id. at 1076.

Judge Bahakel's conduct is not just limited to the issue of Yerby being present at trial, but also when she did, as substantially evidenced by the record, without objection from the state. Denied Peoples defense counsel from being able to question Officer Rankin in the presence of the jury, and again, without objection by the state, prohibited defense from questioning Tolbert as to other times when he had been read nis Mirand rights, before the jury, and prohibited defense counsel from referencing his in his closing arguments. The restriction on counsels closing arguments is a clear abuse of judicial authority for closing arguments are critical in a defendants trial. As they represent the last chance for defense counsel to present his clients case before the jury decides guilt of innocence.

Peoples asserted that the actions and conduct of Judge Gloria Bahakel violated nis right to a fair trial. "The right to a fair trial by an impartial tribunal is not a statutory right to be given or taken away as the legislature wills. The right to such due process of law is one of the fundamental rights, part of the law of the land." Davidson v New Orleans 96 U.S. 97, 24 L.ed 616,618 (1878): Jordan v Massachusetts 225 U.S. 167, 56 L.ed 1035.

The right to a fair trial has been a principle of law since the founding of this country. This law is fundamental to our scheme of ordered liberty and is deeply rooted in our nations history and traditions.It is a substantive, fundamental and inherent right. It is of the Bill of Rights, which has been justly considered as the palladium of liberties of our republic.

16

Peoples attempts to petition for the redress of the violation of this substantive and fundamental right has been subverted by the defendant parties named herein. The United States Supreme Court has held that the right to petition for redress of grievances is among the most precious of liberties safeguarded by the Bill of Rights. United Mineworkers of America District 12 v Illinois State Bar Association 389 U.S. 217 (1967) Inseperable from the guaranteed right entrenched in the First Amendment the right to petition for redress occupies a "preferred place" in our system of representative government and enjoys a sanctity not permitting dubious intrusions. Thomas v Collins 323 U.S. 516,530 (1945). This right is the founding right of the United States Constitution.

Substantive due process is fundamentally a matter of personal liberty. For it is the liberty clause of the Fourteenth Amendment that grounds our most important holdings. It is the liberty clause that enacts the Constitutions "promise". When confronted with a substantive due process claim, we must ask whether the allegedly unlawful practice violates values "implicit in the concept of ordered liberty." Palko v Connecticutt 302 U.S. 319, 82 L.ED. 288 (1937).

Alabama Courts have traditionally understood "due process of law" to be with "the law of the land". Opinion of the Justices 624 So.2d 107,161 (Ala.1973)(due process) provision secures for every citizen against arbitrary actions of those in authority and places him (or her) within the protection of the law of the land." McCollum v Birmingham Post Co. 259 Ala. 88,99, 65 So.2d 689,695 (1953). The relevance of this comparison lies in the fact that the phrase "law of the land" illustrates more clearly than the phrase (due process) the species guaranteed provided in Ala.Const. 1901 §§6 and 13.

17

17

## CONCLUSION

Peoples criminal trial process was in contradiction to the law. Peoples inalienable right to a fair trial was violated, and as a consequence he was divested of his substantive and fundamental rights, liberties, protections and immunities. These rights enumerated and presented in the foregoing are Peoples civil rights. The right to a fair trial is the "law of the land" and this right was denied and divested of Peoples by the defendant parties named.

In his appellate actions, Peoples presented this claim to the state courts with specificity, and by his reliance on the court record, the Alabama and United States Constitution, and the Alabama courts own controlling authorities and Federal Court precedents. The defendants relied on mistatements and misaplications of their own rules, authorities, refusing to acknowledge the same. The named defendants have misapplied the law in Peoples case for the sole purpose of denying Peoples relief.

The law of the land accords and assures that every citizen shall hold his life, liberty, property and immunities under protection of the general rule which governs our society. See Zeigler v South & North Ala.R.R. 58 Ala. 594,597-598 (1877). The principle arises to ensure that "the rights of every individual...stands or falls by the same rule of law that governs every other member of the body politic or 'land' under similar circumstances." Burrington v Burrington 206 Ala. 192, 89 So. 512 (1921).

The defendant parties in their denial of Peoples claims, improperly relied on and misapplied Ala.R.Crim.P. Rule 32 preclusions, time bars to Peoples filings. The Alabama Rule of Criminal Procedure Rule 32 is a court made rule, law, promulgated by the Alabama Supreme Court. The wrongful acts of the defendants are that they have attempted to rely on a "Court Rule" to override substantive, fundamental and founding civil rights of the Bill of Rights and promulgated into the United States Consitution. In doing so according Rule 32 an authority superior to the Bill of Rights, the United States Constituion, and the

18

guardian right of all other rights in the United States Constitution, the right to a fair trial-the law of the land. And by doing so undertook an act in an arbitrary and capricious manner.

Peoples respectfully seeks that this court take note of the salient fact, the all of the named defendants are highly educated, highly trained, skilled and knowledgeable in the law. That this fact, underlines the severity of the misapplication of the laws, denying and abridging, inhibiting, and divesting Peoples of his rights as complained of in the foregoing.

Therefore based upon the facts of the State Court's own records, and the premises presented in the foregoing. Peoples seeks the following relief.

## RELIEF REQUESTED

Peoples respectfully requests that this Honorable Court will grant the following relief;

1) Order and hold that the named defendant parties violated Peoples civil rights, liberties. protections and immunities and;

2) Order that Peoples is due to have his rights restored and/or

3) That Peoples is entitled to compensation in the amount of $50,000.00 for each defendant party name, and;

4) Punitive damages in the amount to be determined by this Court per each defendant party named, and;

5) That a hearing is to be held to resolve the material issues of fact and law in dispute before this Court and any and all other relief to which Peoples is due and entitled to.

Respectfully submitted this the __6th__ day of April 2020

_Quincy Peoples_

Quincy Peoples AIS #238362
28779 Nick Davis Road
Harvest, Al. 35749

19

## CERTIFICATE OF SERVICE

I Quincy Peoples hereby certify that I have served a copy of the foregoing upon all parties involved through the Office of the Clerk of the Court - United States District Court - Northern District of Alabama - 1729 5th Avenue North - Birmingham Alabama 35203, by placing a copy of the same in the Institutional Legal Mail System Limestone Correctional Facility on this the __6th__ day of April 2020 postage prepaid properly addressed prior to the close of the normal business day.

_Quincy Peoples_
Quincy Peoples

## AFFIRMATION UNDER PENALTY OF PERJURY

I Quincy Peoples hereby attest and affirm that the information in the foregoing is true and correct to the best of my knowldge and belief under penalty of perjury.

_Quincy Peoples_
Quincy Peoples

*Exhibit I*

**103**

## IN THE CIRCUIT COURT, TENTH JUDICIAL CIRCUIT
## JEFFERSON COUNTY, ALABAMA
## CRIMINAL DIVISION

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | )     **CASE NO.: CC2003-1872** |
| PLAINTIFF | '04  MAR 19) P 4:3ᵒ     **CC2003-1873 →** |
| | ) |
| VS. | FILED IN OFFICE |
| | ANNE-MARIE ADAMS. C.I.U |
| QUINCY PEOPLES | ) |
| | ) |
| DEFENDANT. | ) |

### *MOTION TO TAKE DEPOSITION OF WITNESS*

**Comes now** the State of Alabama, by and through its District Attorney in and for the

Tenth Judicial Circuit, Jefferson County, Alabama, and moves this Honorable Court

for an order permitting the State to take the deposition of witness Detective Sgt. Rick Yerby.  As

grounds for this Motion, the State of Alabama states as follows:

1. These cases are set for trial after April 20, 2004.

2. Detective Sgt. Rick Yerby was the lead investigator in the above-referenced cases and interviewed the defendant. Detective Sgt. Rick Yerby was not accompanied by any other law enforcement officer during that interview.

3. Detective Sgt. Rick Yerby is retiring from the Vestavia Hills Police Department. He has taken a job training law enforcement officers in Iraq and will be out of this country for an undetermined period of time, beginning April 20, 2004.

4. In order to preserve his testimony for the trial of these cases, the State asks this Court for permission to take the deposition of Detective Sgt. Rick Yerby pursuant to Rule 16.6. Due to the exceptional circumstances of this case, it is in the interests of justice that the testimony of this witness be preserved for trial.

4/9/04 Heard & this date
Granted from Bahakel, Judge

104

**WHEREFORE**, the State of Alabama asks this Court to enter an order permitting

witness Detective Sgt. Rick Yerby to be deposed at a date and time to be agreed upon by

the parties, witness and the Court.

Respectfully submitted on this the 22nd day of March, 2004.

Misty Reynolds
**Deputy District Attorney**

## *CERTIFICATE OF SERVICE*

I hereby certify that I have served a copy of the above and foregoing upon the attorney for the Defendant via United States Mail, postage prepaid and properly affixed on this the 22nd day of March, 2004.

Mike Shores
2205 Morris Avenue
Birmingham, AL 35203

Misty Reynolds
**Deputy District Attorney**

**41**

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

STATE OF ALABAMA,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　)　　CASE NO.　CC 03-1873
　　　　　　　　　　　　　　　　)　　　　　　　CC 03-1872
QUINCY PEOPLES,　　　　　　　　)　　　　　　　CC 03-4583
　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　)

## OBJECTION TO PLAINTIFF'S MOTION FOR TAKING OF DEPOSITION

Comes now the Defendant, by and through the undersigned attorney, and objects to the State's Motion for Taking of Deposition in a Criminal Matter with respect to Sgt. Yerby of the Vestavia Police Department, and as grounds, therefore, avers as follows:

1.　The State has moved to take the deposition of Sgt. Yerby of the Vestavia Police Department, who was the lead investigator in the above styled case.

2.　Although Sgt. Yerby is stated to be out of the country at the proposed time of the trial, the taking of the deposition of Sgt. Yerby prior to trial will not insure the Defendant's right to confront the witnesses against him.

3.　Certain matters may arise at trial with respect to the investigation which may result in the necessity of additional questions to Sgt. Yerby which are not known at this time.

4.　The taking of the deposition so far in advance of the trial date would deny the Defendant his right to a thorough and sifting cross-examination of Sgt. Yerby.

Filed in Open Court

This ___ day of APR 0 9 2004

_Gloria Bahakel, Circuit Judge_

4-13-04

Heard + Denied.

Gloria Bahakel, Judge

**42**

WHEREFORE, ABOVE PREMISES CONSIDERED, the Defendant hereby objects

to the State's Motion for Taking of Deposition in the above styled matter.

Respectfully submitted this ___ day of _____ , ___.

MICHAEL C. SHORES (SHO019)
ATTORNEY FOR DEFENDANT
2205 Morris Avenue
Birmingham, Alabama 35203
(205) 251-6666

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the District Attorney for Jefferson County, via U.S. Mail, postage prepaid and properly affixed (or by hand delivery) this the ___ day of _____ , ___.

MICHAEL C. SHORES