UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| QUINCY PEOPLES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:20-cv-00492-MHH-JHE |
| GLORIA BAHAKEL, Former Jefferson County Circuit Judge, et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

The Magistrate Judge entered a report on May 14, 2021, in which he recommended that the Court dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. (Doc. 6). The Magistrate Judge found that the defendants, state court judges and assistant district attorneys, are immune from Mr. Peoples's claims. (Doc. 6). Mr. Peoples filed timely objections to the report and recommendation. (Doc. 7).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed

findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

In his objections, Mr. Peoples argues that the law that the Magistrate Judge applied in his report conflicts with § 252 of the Civil Rights Act. (Doc. 7, p. 2). Section 252 provides:

> The Surgeon General shall provide for making, at places within the United States or in other countries, such physical and mental examinations of aliens as are required by the immigration laws, subject to administrative regulations prescribed by the Attorney General and medical regulations prescribed by the Surgeon General with the approval of the Secretary.

42 U.S.C. § 252. This statute is not relevant to Mr. Peoples's case because Mr. Peoples's § 1983 claims against several state court judges and assistant district attorneys concern his state criminal prosecution. (Doc. 1). The Court has not found a "§ 252" that might be relevant to Mr. Peoples's claims, and the Court has not found legal precedent containing the language that Mr. Peoples quotes from "§ 252." (Doc. 7, p. 6). Mr. Peoples may have meant to cite 18 U.S.C. § 242. That statute addresses a party's deprivation of rights under color of law, but § 242 is a criminal statute that does not afford a basis for a civil claim against the defendants.

In his objections, Mr. Peoples cites *Lucarell v. McNair*, 453 F.2d 836 (6th Cir. 1972). In that case, the Sixth Circuit Court of Appeals held that a judge may not have absolute immunity for actions taken outside of her jurisdiction. In *Lucarell*, a juvenile court referee ordered a litigant to be jailed. 453 F.2d at 837. Because the juvenile court referee had no authority under Ohio law to incarcerate an individual, the Sixth Circuit concluded the juvenile court referee acted outside of his jurisdiction in jailing the litigant. 453 F.2d at 838.

The *Lucarell* decision does not help Mr. Peoples because the judges and assistant district attorneys he names in this action acted within their jurisdiction in conducting his state criminal trial and reviewing his conviction. The Eleventh Circuit Court of Appeals has stated that "[i]n enacting 42 U.S.C. § 1983, Congress did not abrogate the doctrine of judicial immunity." *Harris v. Deveaux,* 780 F.2d 911, 914 (11th Cir. 1986) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). The Eleventh Circuit's decision in *Dykes v. Hosemann,* 743 F.2d 1488 (11th Cir. 1984), does not change this result. In *Dykes*, the Eleventh Circuit held that "even advance agreements between a judge and other parties as to the outcome of a judicial proceeding do not pierce a judge's immunity from suits for damages." 743 F.2d at 1495. In reviewing the panel decision in *Dykes en banc*, the Eleventh Circuit stated that even when a judge lacks personal jurisdiction over the parties in an action, the judge still is immune from a claim for damages for his conduct in the underlying

3

action. *Dykes v. Hosemann*, 776 F.2d 942, 950 (11th Cir. 1985) (*en banc*).[1] The Court finds no error in the Magistrate Judge's analysis of immunity.

Mr. Peoples contends that the judges and prosecutors involved in his state court criminal trial knowingly violated his civil rights. (Doc. 7, pp. 3-4). He asserts that the state appellate courts' refusal to correct the trial level violation of his constitutional rights likewise violated his rights. (Doc. 7, p. 5). But, as the Magistrate Judge explained in his report, under the *Rooker-Feldman* doctrine, this Court cannot review state court convictions through a § 1983 civil rights action.

> Because, under the *Rooker-Feldman* doctrine, district courts lack jurisdiction to grant relief under § 1983 with respect to challenges of state court decisions arising out of a state judicial proceeding—even if those challenges allege that the state court's action was unconstitutional—the district court properly dismissed Steiger's claims. *See Datz v. Kilgore*, 51 F.3d 252, 253-54 (11th Cir. 1995). Moreover, a § 1983 suit cannot operate as a substitute to an appeal of a state court decision. *Id*. at 254 (noting that a § 1983 suit arising from an alleged erroneous decision by a state court constitutes a prohibited appeal of the state court judgment). Also, because Steiger's claims could not succeed unless his state conviction was invalid, and his conviction has not been set aside, his complaint is *Heck*-barred. *See Heck* [*v. Humphrey*, 512 U.S. 477,] 486-87 [(1994)].

*Steiger v. Strange*, No. 17-14535-C, 2018 WL 8048712, *4 (11th Cir. Nov. 14, 2018).[2]

---

[1] Most appellate decisions are made by panels of three judges. When a court of appeals votes to hear an appeal *en banc*, all of the judges on the court consider the appeal and participate in the appellate decision.

[2] Like Mr. Peoples, Mr. Steiger challenged:

*Heck* applies here too. *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court ruled that a plaintiff cannot recover damages for an allegedly unconstitutional criminal conviction or imprisonment unless he can prove that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Therefore, the Court overrules Mr. Peoples's objections, adopts the Magistrate Judge's report and accepts his recommendation. By separate order, in accordance with 28 U.S.C. § 1915A(b), the Court will dismiss this action without

---

actions that the Judicial Defendants took in their judicial capacities during state court proceedings over which they had jurisdiction. Steiger does not argue, nor does he present any evidence to demonstrate, that the defendants were acting in the clear absence of all jurisdiction during his state court proceedings. Indeed, he acknowledged their jurisdiction over the proceedings when he complained that they made legally erroneous rulings and misinterpreted the motions that he submitted in his state court cases. As such, Steiger's claims for damages from the Judicial Defendants in their official capacities are foreclosed by the Eleventh Amendment, and absolute judicial immunity precludes any claims against them in their individual capacities.

*Steiger,* 2018 WL 8048712, at *4.

prejudice because Mr. Peoples has failed to state a claim upon which relief can be granted.

**DONE** and **ORDERED** this June 22, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE